IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Ronald E. Rousseau,

                Petitioner,

vs.

Cheyenne River Sioux Tribe et al.,

                Respondents.

Civil No.: 1:24-cv-00249

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND TRANSFERRING JURISDICTION TO THE DISTRICT OF SOUTH DAKOTA**

[¶ 1]  THIS MATTER comes before this Court on a Motion for Writ of Habeas Corpus, Amended Motion for Writ of Habeas Corpus, and a Motion for Leave to File Second Amended Motion for Writ of Habeas Corpus filed by the Petitioner on December 12, 2024, December 16, 2024, and January 30, 2025, respectively. Doc. Nos. 1, 5, 9. United States Magistrate Judge Clare R. Hochhalter prepared a Report and Recommendation in which he recommends the Court dismiss Petitioner's Motion for Writ of Habeas Corpus and Amended Motion for Writ of Habeas Corpus and deny Petitioner's Motion for Leave to File Second Amended Motion for Writ of Habeas Corpus. Doc. No. 12. The Petitioner filed an objection on February 24, 2025. Doc. No. 13.

[¶ 2]  Magistrate Judge Hochhalter concluded this Court lacks personal jurisdiction because none of the Respondents are located within the territorial jurisdiction of North Dakota and none of the events giving rise to Rousseau's petition occurred in North Dakota. Petitioner objects, arguing McGirt v. Oklahoma, gives this Court personal jurisdiction over the Respondents. See 591 U.S. 894 (2020) (holding that because Congress did not diminish the Creek Nation's reservation borders, the original borders were still effective). Petitioner argues because the Fort Laramie

Treaty granted the Sioux Nation reservation lands in North Dakota, the Court has jurisdiction over the Respondents who still, nonetheless, reside in South Dakota.

[¶ 3]   <u>McGirt</u> is inapplicable here because it did not address the specific personal jurisdiction question presented in this case. As found by Magistrate Judge Hochhalter, this case is governed by <u>Rumsfeld v. Padilla</u>, 542 U.S. 426 (2004). Because most of the Respondents live in South Dakota, some are in Washington, D.C., and none of the events occurred in North Dakota, the Court lacks personal jurisdiction over the matter. <u>See</u> <u>id.</u> at 442 ("District courts can grant habeas corpus relief only 'within their respective jurisdiction.'"). Accordingly, this Court cannot entertain the merits of Petitioner's claims.

[¶ 4]   When a court lacks jurisdiction over a civil case, in the interest of justice, a court may transfer the suit to any other jurisdiction in which it could have been brought. <u>See</u> 28 U.S.C. §§ 1631, 1404, 1406. Magistrate Judge Hochhalter did not recommend transferring this case to the District of South Dakota because the Petitioner did not consent. Doc. No. 12, p. 8. However, the Petitioner has now consented to transfer to South Dakota as alternative relief. Doc. No. 13, p. 4 The Court finds the interest of justice favor transferring this case to the District of South Dakota.

[¶ 5]   Accordingly, the Court has reviewed the Report and Recommendation and the entire record in this case, including the Defendant's Objection. The Court finds the Report and Recommendation to be persuasive. Therefore, the Court **ADOPTS, in part,** the Report and Recommendation and **ORDERS** that this case shall be **TRANSFERRED** to the United States District Court for the District of South Dakota for further proceedings.

[¶ 6]   **IT IS SO ORDERED**.

Dated February 25, 2025.

Daniel M. Traynor, District Judge
United States District Court