UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| RONALD E. ROUSSEAU,<br><br>Plaintiff,<br><br>vs.<br><br>CHEYENNE RIVER SIOUX TRIBE, ET AL.,<br><br>Defendants. | 3:25-CV-03005-RAL<br><br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND RULING ON PENDING MOTIONS |

Ronald E. Rousseau filed a petition for writ of habeas corpus pursuant to 25 U.S.C. § 1303, challenging the lawfulness of his conviction in the Cheyenne River Sioux Tribe's tribal court. Rousseau also raises claims against the Defendants under 42 U.S.C. § 1983 among other federal laws, seeking damages and injunctive and declaratory relief. Doc. 5. The Petition was originally filed in the District of North Dakota where he has resided, and Rousseau's case was subsequently transferred to this district where the Tribe and the defendants are located. Doc. 14. This Court referred Rousseau's Petition to Magistrate Judge Mark A. Moreno for a Report and Recommendation for any hearing and determination, Doc. 17. Magistrate Judge Moreno issued a Report and Recommendation, Doc. 21, that Rousseau's non-habeas claims be dismissed without prejudice to refiling in a separate civil action. Id. at 4. That same day, Rousseau moved for leave to file another Amended Complaint, Doc. 22. Rousseau timely filed his Objection, Doc. 23, to the Report and Recommendation, arguing against dismissal of his non-habeas claims because his habeas and non-habeas claims are intertwined and judicial economy and efficiency counsel against separate actions. Id. at 3–4.

1

This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's report and recommendation, a district court judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court adopts the recommendations and briefly addresses issues raised in Rousseau's Objection and subsequent motions.

"Federal law opens two main avenues to relief" for persons in custody: a petition for habeas corpus and a complaint under 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). Challenges to the validity of any confinement "are the province of habeas corpus," while challenges to the circumstances may be brought under § 1983. Id. While some factual overlap may exist between the validity and circumstances of confinement, petitions for habeas corpus and complaints under § 1983 are "mutually exclusive." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). Claims under § 1983 "must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements." Nelson v. Campbell, 541 U.S. 637, 643 (2004). Thus, § 1983 claims that "would necessarily imply the invalidity of a conviction or sentence" are not cognizable. Heck v. Humphrey, 512 U.S. 477, 487 (1994). If a successful claim under § 1983 would not demonstrate that the conviction or sentence is invalid, the claim may be allowed to proceed. Id.

Courts, however, do not consolidate such claims with a habeas petition because of "the risk of confusion of the issues inherent in consolidation of the habeas and civil rights cases." Malone v. Calderon, 165 F.3d 1234, 1236–37 (9th Cir. 1999). Further, different rules and procedures govern habeas petitions and civil rights claims. See Rules Governing Section 2254 Cases and

Rules Governing Section 2255 Proceedings. Rousseau's contention that joint consideration of his habeas petition and civil rights claims would promote judicial economy and procedural efficiency do not override the reasons for dismissing non-habeas claims. Rousseau's habeas petition, which is subject to exhaustion requirements, may necessarily proceed at an entirely different pace than his civil rights claims.

Because only Rousseau's habeas claims survive to go forward in this case, the person who exercises legal control with respect to the challenged custody is the proper respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) ("[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'"). "If the petitioner has been released on bail pending final disposition, the proper respondent is the court that admitted the petitioner to bail and that can revoke it or the attorney general of the State or his local representative." Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 10.1 n.22 (6th ed. 2011) (internal citation omitted); see also Reimnitz v. State's Att'y of Cook Cnty., 761 F.2d 405, 408 (7th Cir. 1985) ("Another possible respondent . . . is the court that admitted the petitioner to bail and can revoke it."). If the petitioner is on probation due to the judgment he is attacking (as is the case with Rousseau), "[t]he named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases. If the petitioner is challenging an action which will result in future custody, "the named respondent(s) shall be the attorney general of the state whose action subjects the petitioner to future custody, as well as the

3

government officer who has present official custody of the petitioner if there is such an officer and his identity is ascertainable." Id.

Here, Rousseau is released pending final disposition of his tribal proceeding, and he is on probation with "Adult Probation Officer Melissa Tree Top." Doc. 3-14 at 2. Under these circumstances, multiple individuals or entities can exercise legal control with respect to Rousseau's challenged custody, including his probation officer and the tribal probation office, the tribal court with the authority to revoke Rousseau's conditional release, and to the extent that Rousseau faces future custody, the attorney general of the Tribe. Rousseau has not named Melissa Tree Top or any tribal probation agency as a respondent in his petition; however, he has named tribal Judge Egan Bad Warrior, the judge who retains the ability to revoke Rousseau's probation, and he has named Cheyenne River Sioux Tribe Attorney General Kimberly Craven, whose action subjects Rousseau to future custody. Accordingly, all named respondents other than Judge Egan Bad Warrior and Attorney General Craven are improperly named as defendants in a habeas corpus case and will be dismissed.

This Court also reviewed Rousseau's Motion for Leave to Amend Complaint, Doc. 22, which was filed just after Magistrate Judge Moreno issued the Report and Recommendation. The proposed amended complaint, Doc. 22-2, is nearly identical to the petition, Doc. 9-1, that Judge Moreno reviewed when issuing the Report and Recommendation. The proposed amendments include an additional jurisdictional basis, Doc. 22-2 at 8 ¶ 30, and additional facts concerning Rousseau's inability to find adequate work and housing in order to better provide for his family, Id. at 31–33. None of the proposed amendments relate to his habeas petition but concern his civil rights claims for damages. Accordingly, the Motion for Leave to Amend Complaint, Doc. 22, is

denied as moot. Rousseau may raise those allegations in a separate civil action should he choose to bring one.

Because the Report and Recommendation addressed Rousseau's Second Amended Petition, Doc. 9-1, this Court grants Rousseau's Motion for Leave to File Second Amended Complaint, Doc. 9, but denies as moot Rousseau's first motion to amend, Doc. 5. As set forth in this order, only the habeas claims contained in Rousseau's Second Amended Petition, Doc. 9-1, survive and the non-habeas claims are dismissed without prejudice to refiling in a separate action.

For the reasons stated above, it is hereby

ORDERED that the Magistrate Judge's Report and Recommendation, Doc. 21, is adopted in full, and that Rousseau's non-habeas claims are dismissed without prejudice to refiling in a separate civil action. It is further

ORDERED that Rousseau's Objection to the Report and Recommendation, Doc. 23, is overruled. It is further

ORDERED that Rousseau's Motion for Leave to File Second Amended Petition for Writ of Habeas Corpus, Doc. 9, is granted to the extent that his habeas claims survive and non-habeas claims are dismissed without prejudice. It is further

ORDERED that Judge Margaret Egan-Bad Warrior and Attorney General Kimberly Craven are proper respondents and that the other named individuals are dismissed as improper parties.

ORDERED that Rousseau's Amended Motion for Writ of Habeas Corpus, Doc. 5, is denied as moot. It is further

ORDERED that Rousseau's Motion for Leave to Amend Complaint, Doc. 22, is denied. It is further

ORDERED that Rousseau's remaining habeas claims are referred to Magistrate Judge Mark Moreno for a report and recommendation for any hearing and determination. It is finally

ORDERED that the clerk's office is directed to provide Rousseau with the packet to file a § 1983 case should he wish to file a separate civil action for his non-habeas claims.

DATED this 21st day of May, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE