UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| RONALD E. ROUSSEAU,<br><br>Petitioner,<br><br>vs.<br><br>JUDGE KIMBERLY CRAVEN, IN HER OFFICIAL CAPACITY AS CRST ATTORNEY GENERAL; AND JUDGE MARGARET EGAN,<br><br>Respondents. | 3:25-CV-03005-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR TEMPORARY RESTRAINING ORDER |

Petitioner Ronald E. Rousseau moves for a preliminary injunction and a temporary restraining order ("TRO"), seeking to stay the Withdrawal of Federal Recognition proceedings initiated by the North Dakota National Guard ("NDNG") until his habeas corpus petition, Doc. 9, is fully adjudicated. Doc. 32 at 1. For the reasons explained below, Rousseau's Emergency Motion for Preliminary Injunction and Temporary Restraining Order, Doc. 32, is denied.

**I.    Factual Background**

On March 8, 2024, Rousseau was found guilty of Abuse of an Elderly or Disabled Adult in the Cheyenne River Sioux Tribe's tribal court. Doc. 31-1. Rousseau appealed his conviction to the Cheyenne River Sioux Tribal Court of Appeals, and the matter remains pending. Id. Rousseau is a member of the NDNG and holds the rank of Captain. Following his tribal court conviction, Rousseau's command recommended initiating Withdrawal of Federal Recognition proceedings, which would lead to his discharge from the armed forces. Docs. 2-18, 2-19, 32-1 at 45–46. Rousseau filed a petition for writ of habeas corpus under 25 U.S.C. § 1303, challenging

the lawfulness of his conviction in the Cheyenne River Sioux Tribe's tribal court. In his petition, Rousseau raised claims under 42 U.S.C. § 1983 and other federal laws, citing many collateral consequences resulting from his conviction. Doc. 9. This Court dismissed Rousseau's non-habeas claims and directed the clerk's office to provide Rousseau with a civil packet to file any separate action for his non-habeas claims. Doc. 28.

On June 2, 2025, Rousseau received notice of the appointment of a board of military officers to determine whether his federal recognition should be withdrawn. Doc. 32-1 at 59. The hearing on the Withdrawal of Federal Recognition is set for June 28, 2025. Doc. 32-1 at 60. Rousseau now moves for a preliminary injunction and a TRO to stay the NDNG Withdrawal of Federal Recognition proceedings during the pendency of his habeas petition. Doc. 32 at 1.

## II.    Discussion

Under Rule 65 of the Federal Rules of Civil Procedure, a court may enter a preliminary injunction or TRO when certain criteria are met. When addressing a motion for preliminary injunction under Rule 65(a), this Court considers the factors set forth in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (en banc): "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. at 113; see also Taylor v. Haugaard, 360 F. Supp. 3d 923, 929 (D.S.D. 2019) (applying Dataphase factors when considering a request for a preliminary injunction). A preliminary injunction can issue "only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), and this Court will not consider entry of a preliminary injunction or make any findings of fact until hearing from both parties.

Rule 65(b) meanwhile allows this Court to issue a TRO without notice if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice." Fed. R. Civ. P. 65(b). "A temporary restraining order under Rule 65(b) is to prevent immediate and irreparable harm and typically to preserve the status quo until the Court can hear from both sides." Institute for Free Speech v. Jackley, 340 F. Supp. 3d 853, 858 (D.S.D. 2018).

The scope of every injunction and TRO is limited only to "the parties," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with [them]." Fed. R. Civ. P. 65(d). Rousseau seeks an injunction and TRO to "halt[] the Withdrawal of Federal Recognition (WOFR) proceedings initiated by the North Dakota National Guard (NDNG) until his Section 1303 habeas corpus petition is fully adjudicated." Doc. 32 at 1. The board of officers who are appointed to determine whether Rousseau's federal recognition should be withdrawn consists of members of the active-duty Army and members of the NDNG. Doc. 32-1 at 59. None of the board members are parties to this case. "[A] nonparty may be enjoined under Rule 65(d) only when its interests closely 'identify with' those of the defendant, when the nonparty and defendant stand in 'privity,' or when the defendant 'represents' or 'controls' the nonparty." Thompson v. Freeman, 648 F.2d 1144, 1147 (8th Cir. 1981). Rousseau has not demonstrated that the Defendants in this action have any connection with any board members, nor has he shown that the board members are in active concert or participation with the Defendants. Under Rule 65(d), this Court, therefore, cannot enjoin the board members to stay the Withdrawal of Federal Recognition proceedings during the pendency of Rousseau's habeas petition. Rousseau remains free to request a stay

directly with the board of officers, but this Court cannot order a stay under the circumstances here.

### III.    Conclusion

For the above reasons, it is

ORDERED that Petitioner's Emergency Motion for Preliminary Injunction and for Temporary Restraining Order, Doc. 32, is denied.

DATED this 18th day of June, 2025.

BY THE COURT:

_____

ROBERTO A. LANGE
CHIEF JUDGE

4