UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| RONALD E. ROUSSEAU,<br><br>Petitioner,<br><br>vs.<br><br>KIMBERLY CRAVEN, IN HER OFFICIAL CAPACITY AS CRST ATTORNEY GENERAL; AND MARGARET EGAN, IN HER OFFICIAL CAPACITY AS CRST JUDGE<br><br>Respondents. | 3:25-CV-03005-RAL<br><br><br>ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT |

Ronald Rousseau filed a petition for writ of habeas corpus under 25 U.S.C. § 1303, challenging the lawfulness of his conviction for an aggravated assault under tribal law called "abuse of elderly or disabled adult constituting an assault" in the Cheyenne River Sioux Tribe's tribal court. Doc. 48-1 at 6. Rousseau also raised claims against the Defendants under 42 U.S.C. § 1983 among other federal laws, seeking damages and injunctive and declaratory relief. Doc. 5. The Petition was originally filed in the District of North Dakota, but subsequently transferred to this district where the Tribe and the defendants are located. Doc. 14. This Court referred Rousseau's Petition to Magistrate Judge Mark A. Moreno for a report and recommendation for any hearing and determination. Doc. 17. Judge Moreno issued a Report and Recommendation that Rousseau's non-habeas claims be dismissed without prejudice to refiling in a separate civil action. Doc. 21 at 4. Rousseau timely filed objections to the Report and Recommendation, arguing against dismissal of his non-habeas claims because his habeas and non-habeas claims are

intertwined and judicial economy and efficiency counsel against separate actions. Doc. 23 at 3–4. This Court adopted the Report and Recommendation for reasons explained in an Opinion and Order. Doc. 28.

Rousseau had appealed his conviction to the Tribe's Court of Appeals but had not received a decision at the time he filed his petition. Respondents filed a joint response that included a motion for more definite statement and motion for stay pending exhaustion of tribal remedies. Doc. 37. Judge Moreno granted the motion for stay pending exhaustion of tribal remedies, Doc. 39, but the motion for more definite statement remains pending.

On December 30, 2025, the Tribe's Court of Appeals issued a Memorandum Opinion determining the evidence was insufficient to convict Rousseau of the aggravated assault and directing the trial court to modify the judgment to a conviction for simple assault. Doc. 48-1. Judge Moreno has granted Rousseau seven days after the simple assault judgment is filed to file a response. Doc. 50. On January 27, 2026, the Respondents filed a supplemental status report, Doc. 53, containing an Amended Order and Judgment of Sentence entered by the Tribal Court reducing the conviction to simple assault and noting that "Rousseau's probationary sentence previously Ordered by the Court is completed, and the Court is not imposing any additional terms and conditions of his sentence that were not otherwise previously Ordered, this matter is henceforth completed." Doc. 52-2. Rousseau is receiving electronic notice of filings, Doc. 18, so will have received notice of the Amended Order and Judgment of Sentence as well as notice of this order.

That tribal court Amended Order and Judgment of Sentence would appear to end Rousseau's criminal case and in turn end any possible habeas relief this Court could grant. See 25 U.S.C. § 1303; Scudero v. Moran, 230 F. Supp. 3d 980 (D. Alaska 2017). At a minimum, the

Tribal Court of Appeals decision favorable to Rousseau changes the complexion of the case and renders the previous motion for more definite statement to be moot.

For good cause, it is

ORDERED that Respondents' Motion for More Definite Statement, Doc. 37, is denied as moot and that, consistent with Judge Moreno's directive, Rousseau file within 7 business days of today's order a response advising the Court if he wishes to proceed with this case. If he does, he will need to file a motion to amend and a new habeas petition showing that he remains under some sentence or detention of the Tribe.

DATED this 27th day of January, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE